Louise EDWARDS, Plaintiff–Appellant,

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

No. 03–6449.

United States Court of Appeals, Sixth Circuit.

Sept. 23, 2004.

Julie A. Atkins, Atkins Law Office, Harlan, KY, for Plaintiff–Appellant.

John S. Osborn, III, Asst. U.S. Attorney, U.S. Attorney's Office, Lexington, KY, for Defendant–Appellee.

Before MERRITT, MOORE, and GILMAN, Circuit Judges.

## ORDER

Louise Edwards appeals a district court judgment that affirmed the denial of her application for supplemental security income benefits. The parties have waived oral argument, and the panel unanimously agrees that it is not needed in this case. Fed. R.App. P. 34(a).

Edwards alleged that she became disabled on December 31, 1999. An Administrative Law Judge ("ALJ") found that she had not worked since the alleged onset of her disability, and that she had an impairment consisting of "hypertension and a history of cancer." However, the ALJ found that Edwards's testimony regarding the severity of her condition was not credible and that she did not have an impairment that significantly limited her ability to perform basic work-related activities. Thus, the ALJ found that Edwards was not disabled because she did not have a severe impairment, as defined at 20 C.F.R. § 416.921. This opinion became the final decision of the Commissioner on August 8, 2002, when the Appeals Council declined further review. The district court granted the Commissioner's motion for summary judgment on September 10, 2003, and it is from this judgment that Edwards now appeals.

This court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Accordingly, this court may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir.1997) (citations and internal quotation marks omitted). The Commissioner's decision must be affirmed if it is supported by substantial evidence, even if we might have decided the case differently based on substantial evidence to the contrary. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir.1999).

Edwards now argues that the ALJ should have expressly considered her age and limited education in determining whether or not her impairments were severe. However, Edwards had the burden of showing that her impairments were severe, and she did not submit any evidence to show the effect that these vocational factors might have on her ability to perform the types of activities that are described in 20 C.F.R. § 416.421(b). *See id.* at 391–92.

Edwards had the burden of showing that her impairments significantly limited her ability to perform basic work-related activities. *See* 20 C.F.R. § 416.921(a); *Her*, 203 F.3d at 391–92. The ability to perform these types of activities within twelve months is not inconsistent with the medical record of her post-operative care. Moreover, the reports of Drs. Higgason

and Perritt support the ALJ's finding that her ability to perform work-related activities was not significantly limited for a continuous period of at least twelve months. Thus, substantial evidence supports the ALJ's finding that Edwards was not disabled because she did not meet her burden of showing that she had a severe impairment that satisfied the twelve-month durational requirement. *See* 20 C.F.R. § 416.909; *Higgs v. Bowen,* 880 F.2d 860, 863 (6th Cir.1988).

Edwards testified that she suffered lower back pain as a residual effect of a hysterectomy, arthritic pain and numbness in her hands, weakness, and nervousness. In discounting this testimony, the ALJ noted that her allegations were not consistent with the evidence in the medical record. Edwards now argues that the ALJ improperly based this finding on the consultative report of a non-examining physician, who predicted that her condition would improve within the twelve-month durational period.

While the medical evidence indicates that Edwards did have impairments as noted by the ALJ, it does not provide any specific support for Edwards's assertion that her ability to perform work-related activities was significantly limited for a continuous period of at least twelve months. Indeed, the reports of Drs. Higgason and Perritt contradict Edwards's testimony in this regard. Hence, there was substantial evidence to support the ALJ's finding that her testimony was not fully credible. *See Walters,* 127 F.3d at 531–32; *Hardaway v. Sec'y of Health and Human Servs.,* 823 F.2d 922, 927 (6th Cir.1987).

We have considered Edwards's remaining arguments, and they are all equally unavailing.

Accordingly, the district court's judgment is affirmed.